STATE EX REL. DONEY *v.* GECKLER, JUDGE.

[No. 26,368.   Filed November 3, 1933.]

*George A. Sheehan,* for relator.

*L. Russell Newgent,* for respondent.

FANSLER, J.—This is an original action in this court

for a writ of prohibition. Upon the filing of the petition an alternative writ issued.

An affidavit was filed against the relator in the Marion County Juvenile Court charging that Ellen Doney, five years old, daughter of relator, was a neglected child, and that relator unlawfully and wilfully neglected to furnish the child with the proper and necessary parental care and support. Relator entered a plea of not guilty and a trial was had. After hearing the evidence the following entry or order was made: "This cause submitted to court for trial. Evidence heard. Judgment withheld on condition said defendant furnish all necessary clothing for child and pay into the clerk of the court the sum of $2.00 per week to be drawn by the grandfather. Child to remain in the home of grandparents."

It is alleged in the petition that "said verdict and judgment is void and contrary to law." "That the said judge and court is preparing this minute to enforce said void judgment and order and will enforce same and deprive this relator of his liberty unless immediately restrained."

It is apparent that no order or judgment binding on the relator was made by the court. Judgment was withheld conditionally; the implication being that unless the relator assented to the condition, judgment would be imposed. If a judgment or order is entered against the relator he has a remedy by appeal. The petition does not question the jurisdiction of the court to control the custody of neglected or dependent children, nor does it question the court's jurisdiction of the person of the relator, but is based upon the theory that the court is threatening to enforce a "void judgment," and that "said judge acted without authority or jurisdiction in awarding the custory of a child upon a hearing and trial of the relator for child neglect."

If there is a judgment and it is void or not justified by the pleadings or issue, there is a remedy. The judicial discretion of the court cannot be controlled by a writ of prohibition.

The temporary writ of prohibition heretofore granted is dissolved, and the petition is denied.